**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Christopher Montel Haynes*
Case No. 3:15-cr-00025-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Christopher Montel Haynes's "Motion to Stay Special Condition of Supervised Release Number 4 (the "Motion").[1] Haynes appealed the special condition that he submit to a polygraph test and argues that this Court should stay the condition pending resolution of his appeal.[2] The Government opposes the Motion.[3] For the reasons discussed below, the Motion is **DENIED**.

In 2015, Haynes pleaded guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and, in 2016, he was sentenced to forty-six months of imprisonment, with three years of supervised release to follow.[4] His prior, underlying felony was a 2006 Alaska state court conviction for First Degree Attempted Sexual Abuse of a Minor, in violation of Alaska Statute 11.41.434(a)(1), for which Haynes was sentenced to ten years of imprisonment, with five years suspended, and eight years of probation.[5] Given his underlying felony conviction and status as registered sex offender, the Court imposed conditions of release that included a prohibition on contact with minors on his federal firearms conviction.[6]

On October 7, 2020, this Court revoked Haynes's supervised release after Haynes admitted to having unsupervised contact with a minor who lives with Haynes's children.[7] Although the United States Probation Office ("USPO") had no reason to suspect the contact was sexual, Haynes denied the contact to his probation officer.[8] When confronted again, Haynes admitted that he lied to his probation officer.[9] During the revocation hearing, the Court imposed a new condition of supervised

---

[1] Dkts. 144 (Motion).
[2] *Id.* at 1–5.
[3] Dkt. 150 (Opposition).
[4] Dkts. 51 (Plea Agreement); 54 (Minute Entry); 83 (Judgment).
[5] Dkt. 56 at 6, 14, 16 (Final PSR).
[6] *See* Dkts. 56 at 2; 83 at 4; 94 at 33–34 (Sentencing Hearing Transcript); 116 (Petition for Revocation); 125 (Order Setting Conditions of Release); 137 (Violation Sentencing Recommendation).
[7] Dkts. 116 at 3; 140 (Minute Entry); 141 (Judgment on Revocation). Haynes is permitted to have contact with his minor children. Dkt. 116 at 3.
[8] *See* Dkt. 116 at 3.
[9] *Id.*

1

release based on the USPO's recommendation requiring Haynes to participate in polygraph testing ("Condition 4").[10] Condition 4 provides:

> The defendant shall participate in physiological testing such as polygraph to assist in planning, case monitoring, and supervision. . . . Any refusal to submit to such testing as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality and sign any necessary release of information to allow the supervising United States Probation Officer to review the defendant's examination results with any treatment provider(s). If deception is indicated, that will not be the basis for revocation, and the defendant will not be questioned about any law violations or criminal conduct.[11]

Haynes opposed the imposition of Condition 4 at the hearing and has filed a notice of appeal intending to challenge Condition 4 as an abuse of discretion.[12] Meanwhile, Haynes filed the instant Motion, asking the Court to stay the imposition of Condition 4 under Federal Rule of Criminal Procedure ("Rule") 38 and Federal Rule of Appellate Procedure 8(a).[13] Haynes also requested expedited consideration of the Motion[14] after Haynes's probation officer indicated that Haynes will face a new petition to revoke supervised release if he does not cooperate with a polygraph examination scheduled to take place on October 29, 2020.[15] The Court granted expedited consideration and held a hearing regarding the request for a stay on November 18, 2020.[16] In the interim, Haynes appeared for a polygraph examination and refused, on advice of counsel, to participate.[17]

Haynes argues that a stay of Condition 4 is necessary to protect Haynes's due process right and right to appeal.[18] Haynes argues he meets the standard for requesting a stay because: (1) he makes a strong showing of success on the merits given prior Ninth Circuit precedent; (2) that requiring Haynes to submit to a polygraph examination while his appeal is pending would result in irreparable harm because it would moot his appeal; (3) it is unlikely that a stay would have an adverse impact on the Government; and (4) the public interest in enforcing criminal judgment will not be frustrated by a stay of Condition 4 because Haynes has not violated any other condition of release and remains subject to numerous other conditions.[19]

The Government opposes Haynes's Motion, arguing a stay is unwarranted because Haynes is unlikely to succeed on appeal and the harm to the public outweighs any harm to Haynes.[20] The

---

[10] Dkts. 140; 141 at 5; 144 at 2
[11] Dkt. 141 at 5.
[12] *See* Dkts. 138 (Haynes's Disposition Memo.); 143 (Notice of Appeal); 144 at 1–2.
[13] Dkt. 144 at 1.
[14] Dkt. 145 (Unopposed Motion for Expedited Consideration).
[15] *Id.* at 1; Dkt. 144 at 2.
[16] Dkt. 147.
[17] Dkts. 144; 150 at 3.
[18] Dkt. 144 at 2.
[19] *Id.* at 2–5.
[20] Dkt. 150 at 1.

Government argues that the polygraph examination "will help the USPO determine whether additional action is necessary moving forward" and "[b]ecause the polygraph condition is relatively unintrusive, is directly related to Haynes's conduct, and is based on this Court's specific findings on the record, the Ninth Circuit is likely to uphold this Court's decision."[21] Further, Haynes cannot show he will be irreparably harmed if the Court does not grant his Motion because his appeal will not become moot.[22] Additionally, the Government argues that the USPO is likely to suffer if a stay is granted due to the appeal timelines and the USPO being unable to conduct polygraph examinations in the interim, hampering UPSO efforts to supervise Haynes.[23] Finally, the Government argues that the public interest weighs against a stay because the USPO needs the ability to verify Haynes's candor to properly supervise him and gauge his danger to the public.[24]

"[D]istrict courts have 'wide latitude' to craft conditions of release."[25] A district court may impose a condition of supervised release if it "involves no greater deprivation of liberty than is reasonably necessary" to punish, deter, protect the public from or rehabilitate the defendant.[26] "The condition should also 'reasonably relate[ ]' to 'the nature and circumstances of the offense and the history and characteristics of the defendant.'"[27] These factors are a "guide," not "a checklist of requisites."[28]

A court may, through a condition of release, require that a defendant submit to period polygraph examinations.[29] The Ninth Circuit has held that a polygraph examination condition is "relatively unintrusive" and not "overly burdensome."[30] Moreover, "when some recent event suggests that a defendant still poses a risk of engaging in sexual misconduct, there exists a greater need for a condition meant to address a defendant's history of sexual misconduct."[31]

Federal Rule of Criminal Procedure ("Rule") 38 allows district courts to stay imposition of a death sentence, imprisonment, fine, probation, restitution, forfeiture, or civil or employment disability pending appeal. The language of Rule 38 does not explicitly include conditions of supervised

---

[21] *Id.* at 7.
[22] *Id*. at 7–8.
[23] *Id.* at 8–9.
[24] *Id.* at 9.
[25] *United States v. Johnson*, 697 F.3d 1249, 1251 (9th Cir. 2012) (quoting *United States v. Weber*, 51 F.3d 552, 557 (9th Cir. 2006)); *United States v. Pinjuv*, 218 F.3d 1125, 1131 (9th Cir. 2000) ("Given the unique nature of supervised release, we have recognized the broad discretion that district courts enjoy in fashioning the obligations of a convicted person during a period of supervision.") (citing *United States v. Bahe,* 201 F.3d 1124, 1127 (9th Cir. 2000)).
[26] *Johnson*, 697 F.3d at 1251 (citing 18 U.S.C. § 3583(d)(2)).
[27] *Id.* (quoting 18 U.S.C. §§ 3583(d)(1), 3553(a)(1)).
[28] *United States v. Johnson,* 998 F.2d 696, 698 (9th Cir. 1993).
[29] *See* 18 U.S.C. § 3563(b)(9) (the court may provide that the defendant "undergo available medical, psychiatric, or psychological treatment[.]"); 18 U.S.C. § 3563(b)(22) (the court may provide that the defendant "satisfy such other conditions as the court may impose[.]").
[30] *United States v. Hohag*, 893 F.3d 1190, 1194 (9th Cir. 2018).
[31] *Id.* at 1193–94 (emphasis omitted).

3

release.[32] However, other courts have assumed, without deciding, that a district court may also stay a condition of supervised release pending appeal as part of the court's "traditional equipment for the administration of justice."[33] Both parties agree the Court has the authority to stay a condition of release and urge the Court to decide the merits of Haynes's motion.[34]

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant[.]"[35] The party requesting a stay bears the burden of showing that the circumstances justify such intervention.[36] A court's discretion to order a stay is guided by four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[37]

Here, the Motion for a Stay of Condition 4 is **DENIED**. First, Haynes has not made a strong showing that he is likely to succeed on the merits. The Ninth Circuit has characterized a "strong showing" in various ways, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions . . . raised."[38] These formulations are "largely interchangeable," and each indicate that, "'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'"[39]

---

[32] *See* Fed. R. Crim. P. 38; *United States v. Iron Shield*, No. 1:10-CR-059-02, 2011 WL 4007684, at *1–2 (D. N.D. Sept. 9, 2011) ("Rule 38 discusses seven types of sentences that may or must be stayed, but the text of the rule does not address a stay of supervised release.").

[33] *Iron Shield*, No. 1:10-CR-059-02, 2011 WL 4007684, at *2 (internal quotation marks omitted) (quoting, *inter alia*, *Nken v. Holder*, 556 U.S. 418, 427 (2009)); *see also United States v. Von Behren*, 822 F.3d 1139, 1143 (10th Cir. 2016) (circuit court granted emergency stay of polygraph after district court denial).

[34] *See* Dkts. 144 at 1; 150 at 3–4.

[35] *Nken*, 556 U.S. at 427, 433 (internal quotation marks and citation omitted).

[36] *Id.* at 433–34 (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

[37] *Nken*, 556 U.S. at 426, 434 (internal quotation marks and citation omitted); *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009); *see also Pomares v. United States*, No. 1:06–cr–00167–LJO, 2012 WL 6004158, at *2–3,*6–7 (E.D. Cal. Nov. 30, 2012) (applying *Nken* to a motion to stay a condition of release).

[38] *Leiva–Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011) (analyzing a stay in the context of deportation proceedings) (internal quotation marks and citations omitted).

[39] *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

4

Courts have upheld the imposition of a condition of release involving polygraph examinations in numerous instances.[40] Further, courts have concluded the imposition of a polygraph examination constitutes a limited infringement on personal liberties.[41]

Haynes relies on *United States v. Sharp* to argue that he will succeed on appeal.[42] In *Sharp*, the Ninth Circuit vacated a sex offender treatment condition for a defendant who, like Haynes, was convicted of a firearms offense.[43] The Ninth Circuit noted that the condition was not related to the offense of conviction, was not related to the defendant's prior violations of court-ordered conditions, none of which involved sexual behavior, the district court provided no justification for the imposition of the condition, and defendant's' conviction was too remote in time to justify the condition by itself.[44] *Sharp* is distinguishable from the present case. Here, the Court imposed Condition 4 only following Haynes's admitted violation of conditions of release that directly involved (1) prohibited contact with minors and (2) lying about said contact. Though not specifically related to the firearms offense, Condition 4 is directly linked to the *violation* and is supported by the record. Although the question of "[w]hether a condition withstands review remains a case-by-case inquiry,"[45] given the current state of the law, this factor weighs against granting the stay.

---

[40] *Johnson*, 697 F.3d at 1250–51 (9th Cir. 2012) (The Ninth Circuit affirmed the reasonableness of requiring the defendant to undergo a sex offender assessment during supervised release. The defendant pleaded guilty to two firearms offenses, and his prior sex offenses were over twenty years old. The district court observed that an assessment was a "very minor restraint on liberty" and was justified for purposes of public safety and rehabilitation. Likewise, the Ninth Circuit held that "Johnson's history as a sex offender, old as it may be, justified the district court's decision to order a sex offender assessment." (internal quotation marks omitted)); *see also United States v. McGuire*, 601 Fed. App'x 554, 555 (9th Cir. May 1, 2015) (affirming challenged conditions requiring defendant to participate in an evaluation of sexual deviancy and affirming challenged condition requiring defendant to complete a course of treatment related to his offense and participate in polygraph testing if necessary; but reversing condition requiring defendant to participate in polygraph testing regardless of the outcome of the evaluation); *United States v. Belman*, 201 Fed. App'x 517, 518 (9th Cir. 2006) (affirming a polygraph condition in a case where a defendant was convicted of making a false statement); *but see United States v. T.M.*, 330 F.3d 1235, 1240–41 (9th Cir. 2003) (The Ninth Circuit reversed the district court, holding that the defendant's twenty-one year-old conviction and forty-one year-old sexual offense charge did not justify several stringent conditions of supervised release, including the requirement that he participate in a sexual offender treatment program and submit to necessary testing, given the remoteness in time of the conviction that the fact that none of defendant's probation violations related to his history of sexual misconduct).
[41] *Hohag*, 893 F.3d at 1194; *see also United States v. Stoterau*, 524 F.3d 988, 1105–06 (9th Cir. 2008).
[42] Dkt. 144 at 3–4.
[43] *United States v. Sharp*, 469 F. App'x 523, 525 (9th Cir. 2012).
[44] *Id.*
[45] *Hohag*, 893 F.3d at 1194.

5

Second, Haynes, has not demonstrated he will be irreparably injured absent a stay. Although mooting an appeal may constitute irreparable injury,[46] Haynes may still challenge the constitutionality of this condition on appeal—and the Ninth Circuit may choose to vacate it—even if he is subject to the condition in the interim.[47] Accordingly, this factor weighs against granting the stay.

Third, it does not appear that the issuance of a stay will substantially injure the other parties interested in the proceeding, namely the USPO. Although a stay would inhibit the UPSO's ability to conduct polygraph examinations, Haynes remains subject to other conditions of release and under UPSO supervision. Accordingly, this factor weighs in favor of granting the stay.

Fourth and, finally, the broad concept of public interest appears to weigh against granting the stay. Although Haynes successfully completed sex offender treatment,[48] Haynes went on to violate the terms of his federal probation by having contact with a minor under the age of 13,[49] and when confronted, Haynes lied to his probation officer about the contact.[50] Further, subjecting Haynes to a polygraph examination is not a substantial infringement on his liberty given the circumstances of the case. Accordingly, this factor weighs against granting the stay.

Moreover, Condition 4 is narrowly tailored to accommodate the specific circumstances of Haynes's case. The condition is a minor invasion of privacy that protects Haynes's Fifth Amendment rights, as his answers to a polygraph would not address or implicate new criminal conduct, while ensuring adequate supervision given Haynes's history and past untruthfulness.[51]

After consideration of the relevant factors, the Court concludes that a stay is not warranted at this time, therefore the Motion at Docket 144 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 18, 2020

---

[46] *See City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 105 (N.D. Cal. 2013).
[47] *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks and citations omitted).
[48] Dkt. 56 at 2, 17–18.
[49] Dkt. 116 at 3.
[50] *Id.*
[51] *See* Dkt. 141 at 5.